**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

SILVIA CONSUELO CIFUENTES BARRENO,
Petitioner,
v.
JAMES JANECKA, et al.,
Respondent.

Case No. 5:26-cv-04486-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On August 8, 2026, Petitioner Silvia Consuelo Cifuentes Barreno ("Petitioner") filed a verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") against James Janecka, *et al*. (Dkt. 1.) On August 17, 2026, Respondents filed Federal Respondents' Answer to Petition for Writ of Habeas Corpus in which Respondents state, "Respondents are not presenting an opposition argument at this time." (Dkt. 7 at 2.) For the reasons that follow, the Court grants the Petition and orders Respondents to immediately release Silvia Consuelo Cifuentes Barreno (A# 215-908-149) from custody.

## II. FACTUAL AND LEGAL BACKGROUND

Petitioner is a citizen of Guatemala. (Dkt. 1 at 5.) Petitioner was ordered removed on November 20, 2018, and removed to Guatemala on December 27, 2018.

(Dkt. 1 at 8.)

Petitioner re-entered the United States without inspection near Calexico, California, on or about February 17, 2019. (Dkt. 1 at 2.) Petitioner fled Guatemala after a local group, Nuevo Horizonte, threatened her with death and warned her against reporting them to the police who allegedly were working with Nuevo Horizonte. (*Id.*) She was not detained at that time. (*Id.*) On February 20, 2019, Petitioner's prior order of removal was reinstated. (*Id.* at 8.) Petitioner was allowed to remain in the community. (*Id.*)

For the following seven years, Petitioner lived in Los Angeles and raised her family. (Dkt. 1 at 8.) She has no criminal history. (*Id.* at 9.) She has no history of failing to appear. (*Id.*)

On January 20, 2026, Immigration and Customs Enforcement ("ICE") took Petitioner into custody. (Dkt. 1 at 2.) Petitioner alleges that she was not given prior notice that her release was being revoked or an opportunity to contest her detention before a neutral decisionmaker. (*Id.*)

Because Petitioner expressed a fear of return to Guatemala, she had an interview with an asylum officer and a supervisory asylum officer on February 3, 2026. (Dkt. 1 at 2.) The officers found Petitioner had established a reasonable fear of torture in Guatemala. (*Id.*) On February 6, 2026, the Department of Homeland Security ("DHS") issued Petitioner Form I-863, Notice of Referral to Immigration Judge, and placed her in proceedings before the Adelanto Immigration Court. (*Id.*) Petitioner filed an application for withholding of removal and protection under the Convention Against Torture. (*Id.*) Petitioner's application remains pending. (*Id.*) Petitioner has not been ordered removed. (*Id.*) Petitioner remains detained at the Adelanto ICE Processing Center. (Dkt. 1 at 5.)

On August 8, 2026, Petitioner filed the Petition. (Dkt. 1.) Petitioner argues, among other things, that Respondents violated her Fifth Amendment due process rights.

(*Id*. at 10-12.) Among the relief she seeks, Petitioner requests that the Court grant the Petition and issue an order requiring her immediate release. (*Id*. at 3-4.)

On August 17, 2026, Respondents filed the Answer. (Dkt. 7.) In the Answer, Respondents state, "Respondents are not presenting an opposition argument at this time." (Dkt. 7 at 2.)

On August 18, 2026, Petitioner filed a reply largely reiterating her claims in the Petition. (Dkt. 9.)

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

Petitioner's requested relief, among other things, is an order granting the Petition and that Petitioner be released immediately. (Dkt. 1 at 13-14.) In Respondents' Answer, Respondents plainly state, "Respondents are not presenting an opposition argument at this time." (Dkt. 7 at 2.) Respondents also state, "[s]hould the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of §

2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (*Id.*) Given Respondents' concession, nothing more need be said. *See Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession). Given Respondents' non-opposition and the absence of procedural safeguards accorded to Petitioner in advance of detention, the Court finds that it is appropriate to grant the Petition and order that Petitioner be immediately released on the same conditions as prior to detention.

## V. CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS:

(1) Respondents to release Petitioner Silvia Consuelo Cifuentes Barreno (A# 215-908-149) immediately under the same conditions as Petitioner was released prior to Petitioner's re-detention;

(2) Respondents to return all property to Petitioner that was confiscated from Petitioner when Petitioner was arrested and processed into detention;

(3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

(4) That any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: August 20, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge